```
KATHLEEN McCORMAC, State Bar No. 159012
JAMES R. GRANT, State Bar No. 254885
McCORMAC & ASSOCIATES
555 Montgomery Street, Suite 1200
San Francisco, CA 94111
Tel: 415.339.1722
Fax: 415.399.1733

Attorneys for Plaintiff
DAN DEMETRIS

ROBERT JON HENDRICKS, State Bar No. 179751
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

L. JULIUS M. TURMAN, State Bar No. 226126
M. MICHAEL COLE, State Bar No. 235538
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
AMERICAN AIRLINES, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN DEMETRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN AIRLINES, INC.<br><br>        Defendant | Case No. C 08-00851 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 12, 2008<br>Time: 4:00 p.m.<br>Courtroom: 15, 18th Floor<br><br>Honorable Marilyn H. Patel |

     Plaintiff Dan Demetris ("Plaintiff" or ""Demetris") and Defendant American Airlines, Inc. ("American" or "Defendant") hereby submit the following Joint Case Management Statement which includes a report of the early meeting of counsel pursuant to F.R.C.P. Rule 26(f) and Local Rule 16-9.

1-SF/7699429.1                                                                                               Case No. C 08-00851 MHP

JOINT CASE MANAGEMENT STATEMENT

I.  **JURISDICTION AND SERVICE**

The Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds, in the aggregate, seventy-five thousand dollars ($75,000), exclusive of interest and costs.

At this time, no issues exist regarding personal jurisdiction or venue. No parties remain to be served.

II. **SUMMARY OF FACTS AND FACTUAL AND LEGAL ISSUES IN DISPUTE**

Plaintiff works for Defendant as a Fleet Service Clerk at San Francisco International Airport. Pursuant to California's Fair Employment and Housing Act ("FEHA"), Plaintiff alleges that he was discriminated against on account of his disability and that Defendant failed to engaged in the interactive process and provide reasonable accommodation for his alleged disability.

A.  **Plaintiff's Factual Summary:**

Defendant employed Plaintiff since on or about 1977. At all times during Plaintiff's tenure with American, Plaintiff performed his duties as a Fleet Service Clerk in an exemplary fashion.

Plaintiff received an injury to his back while working for Defendant. Plaintiff was released by his physician to return to his former employment with certain restrictions in or about January 2006. Plaintiff requested an accommodation and that Defendant engage in the interactive process. Shortly thereafter, Defendant informed Plaintiff that he would not be accommodated if he was not released without restrictions.

Defendant failed to engage in the interactive process until Plaintiff hired his attorney in December 2006.

American returned Plaintiff to work in February 2007.

### B. Defendant's Factual Summary

In September of 2005, due to an injury, Plaintiff was placed on work restrictions. Because Plaintiff could not perform the essential function of his job, American accommodated Plaintiff by placing him on leave.

In September of 2006, Plaintiff's health care provider reported that Plaintiff could return to work. Because Plaintiff's health care provider could not verify, however, that Plaintiff was able to perform his essential job functions, American sought a functional capacity exam which was completed in December of 2006. Plaintiff was subsequently cleared to return to work on or about January 6, 2007.

### C. Factual and Legal Issues in Dispute

The factual and legal issues in dispute, include but are not limited to, whether Plaintiff suffered from a disability within the meaning of California Government Code § 12940, *et. seq.*, whether American discriminated against Plaintiff on the basis of his disability, whether American was required to and/or failed to engage in the interactive process or reasonably accommodate Plaintiff's alleged disability in violation of California Government Code § 12940, *et. seq.,* and the nature and extent of damages (if any) Plaintiff may recover.

### III. MOTIONS

No motions are currently pending. Defendant may file a motion for summary judgment.

### IV. AMENDMENT OF PLEADINGS

Plaintiff and Defendant do not currently anticipate any amendments to the pleadings.

### V. EVIDENCE PRESERVATION

Defendant has taken and will continue to take reasonable steps to preserve evidence it deems reasonably related to the issues in this action, including preserving Plaintiff's personnel and medical file and other employment records. To the extent that there are other documents that Plaintiff maintains are reasonably related to his claims, Plaintiff has failed to identify them with any reasonable particularity. As the case develops and Defendant is provided with a better understanding of the nature of Plaintiff's claims and the documents which may be relevant, Defendant will take reasonable steps to preserve those documents as well.

Plaintiff has copies of all of his documents.

## VI. DISCLOSURES

The parties will comply with this Court's order setting May 5, 2008 as the due date for the parties to exchange initial disclosures. Because discovery is still in its early stages and ongoing, Plaintiff and Defendant reserve their rights to supplement any initial disclosures.

## VII. DISCOVERY

No discovery has been taken to date. Plaintiff anticipates propounding Requests for Production of Documents, Specially Drafted Interrogatories, Form Interrogatories, Requests For Admission, and taking 7-10 depositions. Plaintiff anticipates taking third party witness depositions and expert witness depositions.

Defendant will propound requests for production of documents and interrogatories. Defendant further anticipates noticing the deposition of Plaintiff. Defendant may further notice the depositions of several third parties, including, but not limited to, Plaintiff's health care providers.

Other than the entry of a stipulated protective order, the parties do not seek any limitations or modifications of the discovery rules as imposed by the Federal Rules of Civil Procedure and local rules. As a proposed discovery plan, the parties propose as follows:

Non-Expert Discovery Cut-off: October 31, 2008

Expert Disclosures Due: January 19, 2009

Expert Discovery Cut-off: February 16, 2009

## VIII. CLASS ACTIONS

This matter is not a class action.

## IX. RELATED CASES

Defendant is not aware of any related cases.

X.  **RELIEF**

PLAINTIFF seeks damages for lost wages, future wage loss, employment benefits, emotional distress, general damages, punitive damages and attorney's fees and costs. Specifically, PLAINTIFF seeks damages as follows:

| | |
|---|---|
| Lost Wages:<br>From January 13, 2006 through February 15, 2007, PLAINTIFF has lost an estimated total of $56,672. | $56,672 |
| Mitigation<br>PLAINTIFF has mitigated his damages by returning to his former position. | |
| Benefits: PLAINTIFF would have been entitled to benefits provided by DEFENDANT as part of his compensation. | According to Proof |
| Attorney's Fees and Costs: To date, PLAINTIFF has incurred an estimated $15,000.00 in attorneys' fees and costs. | $15,000.00 |
| Total compensatory damages: | According to Proof |
| Total punitive damages: | According to Proof |

To the extent allowable by law, Defendant seeks its costs and fees incurred and any such further relief as the Court may deem proper.

XI.  **SETTLEMENT AND ADR**

The parties have jointly agreed to engage in private mediation before Vivian B. Williamson, to be completed before August 31, 2008.

XII.  **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant consents to a magistrate judge for all purposes. Plaintiff does not consent to a magistrate judge for all purposes.

### XIII. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XIV. NARROWING OF ISSUES

Defendant anticipates filing a motion for summary judgment. Because the issues of this case are otherwise narrow and dispositive, they are likely not suitable for further narrowing.

### XV. EXPEDITED SCHEDULE

This matter is not amenable to an expedited schedule.

### XVI. SCHEDULING

The parties jointly propose the following schedule:

Non-Expert Discovery Cut-off: October 31, 2008

Last day to file Dispositive Motions: December 8, 2008

Expert Disclosures Due: January 19, 2009

Expert Discovery Cut-off: February 16, 2009

Pretrial Conference: May 25, 2009

Trial Date: June 1, 2009 (5 days)

### XVII. TRIAL

Plaintiff has demanded trial by jury. The parties anticipate trial to last approximately five (5) court days.

### XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16 and Federal Rule of Civil Procedure 7.1, Defendant certifies that the following listed persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

AMR Corporation (American Airlines is a wholly-owned subsidiary of AMR Corporation).

XIX. **OTHER MATTERS**

There are no other matters of which the parties are aware that would be conducive to the just, speedy, and inexpensive disposition of this matter.

Dated: May 5, 2008                                McCORMAC & ASSOCIATES


By     /s/
    Kathleen McCormac
    James R. Grant
    Attorneys for Plaintiff
    DAN DEMETRIS


MORGAN, LEWIS & BOCKIUS LLP


By     /s/
    L. Julius M. Turman
    M. Michael Cole
    Attorneys for Defendant
    AMERICAN AIRLINES, INC.

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On May 2, 2008, I served the within document(s):

**JOINT CASE MANAGEMENT STATEMENT**

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐  by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐  by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☒  by transmitting via ECF the document(s) listed above to each of the person(s) as set forth below.

Kathleen A McCormac, Esq.
McCORMAC & ASSOCIATES
655 Montgomery Street, Suite 1200
San Francisco, CA 94111

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 2, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

/s/
_____
Antonia M. Lee